# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:11cr11

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DAVID JOSEPH GEARING. | ) | |
| _____ | ) | |

**THIS MATTER** was scheduled for hearing before the undersigned for a status conference concerning psychiatric evaluations and reports that had been filed by the Warden of the Federal Correctional Complex in Butner, North Carolina concerning Defendant (#23, #24). At the call of this matter on for hearing it appeared that Defendant's counsel, Fredilyn Sison was present, and the government was present through Assistant United States Attorney Tom Ascik. Defendant was not present at the hearing. Counsel for the Defendant and the Assistant United States Attorney were of the opinion that, pursuant to Rule 43 of the Federal Rules of Criminal Procedure, the appearance of Defendant was not required and further that the appearance of Defendant was not necessary due to the fact that Defendant has been found to be suffering from a mental disease or defect that has rendered him incompetent to proceed further in regard to this matter. The

1

undersigned then discussed with counsel the reports (#23 & #24) and 18 U.S.C. § 4246(e). 18 U.S.C. § 4246(e) provides as follows:

> **(e) Discharge.**--- When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. The clerk shall send a copy of the certificate to the person's counsel and to the attorney for the Government. The court shall order the discharge of the person or, on the motion of the attorney for the Government or on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released. If, after the hearing, the court finds by a preponderance of the evidence that the person has recovered from his mental disease or defect to such an extent that---
>
> (1) his release would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall order that he be immediately discharged; or
>
> (2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another person or serious damage to property of another, the shall—
>
> (A) order that he be conditionally discharged under a prescribed regimen of medical psychiatric, or psychological care or treatment that has been prepared for him, that has been certified by the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate;
>
> (B) order, as an explicit condition of release that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment;

2

The court at any time may, after a hearing employ the same criteria, modify or eliminate the regimented medical, psychiatric, or psychological care or treatment.

Upon discussing the statute with the attorneys, Mr. Ascik, on behalf of the Government, requested that the Court hold a hearing pursuant to the provisions of 18 U.S.C. § 4247(d) to determine whether or not the Defendant should be released. Counsel for Defendant had no objection to the scheduling of such hearing.

## ORDER

**IT IS, THEREFORE, ORDERED** that a hearing shall be held, pursuant to 18 U.S.C. § 4246(e) and 4247(d), to determine whether or not Defendant should now be released. The hearing is scheduled for **February 5, 2014 at 9:30 a.m.** in the United States Courthouse in Courtroom #2 in Asheville, North Carolina. The Court further directs that counsel for the Defendant and the Assistant United States Attorney shall be in contact with the family of Defendant, that being the Defendant's three brothers, and shall advise them of the scheduling of this hearing and the fact that the family of Defendant is invited to attend the hearing should any members so desire.

Signed: January 22, 2014

Dennis L. Howell
United States Magistrate Judge