IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11 CR 11

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | SEALED |
| v. | ) | ORDER |
| | ) | |
| DAVID JOSEPH GEARING | ) | |
| | ) | |

This matter is before the Court *sua sponte*.

On April 5, 2011, Defendant was charged in a Superseding Bill of Indictment with a violation of 18 U.S.C. § 922(g)(4).[1] Doc. 12.

Following a competency evaluation and competency hearing, by Order dated June 13, 2011, the Hon. Dennis Howell, U.S. Magistrate Judge, found Defendant incompetent to stand trial and committed him to the custody of Attorney General for further evaluation to determine whether his competency could be restored. Doc. 14.

Following additional proceedings, on June 12, 2012 Judge Howell ordered that Defendant be medicated involuntarily in order to restore his competency. Doc. 19.

---

[1] The original Bill of Indictment (Doc. 1) filed on February 3, 2011 incorrectly referenced section 922(g)(1) of Title 18.

1

On December 3, 2012, a forensic report was filed in which psychiatric examiners opined that Defendant was presently incompetent and that there was no substantial probability that his competency would be restored. Doc. 20.

On January 10, 2013, Judge Howell granted a motion by Defendant and directed that Defendant be evaluated to determine whether he was suffering from a mental disease or defect such that his release would create a substantial risk of harm. Docs. 21-22. A report was filed on April 15, 2013 concerning the conclusions of that evaluation. Doc. 23. A supplemental report was received on January 14, 2014. Doc. 24.

In an Order filed on March 18, 2014, Judge Howell found that Defendant's release would not create a substantial risk of bodily injury to another person or serious damage to the property of another, directed the preparation of a prescribed regimen of medical, psychiatric, or psychological care or treatment for Defendant, and indicated his intention, if the treatment regimen was deemed appropriate, to release Defendant on conditions, including that Defendant comply with the treatment regimen. Docs. 26-31.

On May 6, 2014, Judge Howell ordered that Defendant be released on certain conditions. Doc. 31.

On May 2, 2016, the Government moved to dismiss the Superseding Bill of Indictment without prejudice with leave to refiling in the event Defendant should ever be restored to competency. That motion was granted by the District

Court on May 5, 2016. Docs. 37-39. The District Court further ordered that Defendant's conditions of release, as set forth in Judge Howell's May 6, 2014 Order, should remain in full force and effect.

A motion regarding the transfer of property was filed by Defendant on October 5, 2017 and granted on October 7, 2017. Docs. 41 & 42. No further filings have been made since that date.

Given the age of this matter, and that no activity has appeared on the docket in more than three (3) years, the undersigned finds that an update regarding Defendant's status is warranted.

Accordingly, the United States Probation Office is **DIRECTED** to file a report regarding Defendant's status no later than **July 23, 2020**. The Government and defense counsel may, within seven (7) days after the filing of that report, file any objections or responses they may have. The Clerk is respectfully directed to provide a copy of this Order to the U.S. Probation Office.

It is so ordered.

Signed: July 9, 2020

W. Carleton Metcalf
United States Magistrate Judge